## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| JOMAR MAYSONET,<br><br>       Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>       Defendant. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. FLA. STAT. § 559.72 *et seq.*; and<br>3. Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, Jomar Maysonet ("Plaintiff"), by and through his attorneys, and hereby alleges the following against Defendant, Capital One Bank (USA), N.A. ("Defendant"):

## INTRODUCTION

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. § 559.72, which prohibits persons from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of

Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.     Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6.     Plaintiff is a natural person residing in the Winter Haven, Polk County, Florida.

7.     Defendant is a financial institution with its principal place of business located in McLean, Virginia.

8.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.     In or around April 2018, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on his cellular phone number ending in 2752.

10.     Defendant called Plaintiff from (800) 955-6600 and (602) 455-5972.

11.     Upon information and belief, Defendant owns and operates the above-referenced phone numbers.

12.     On or about April 5, 2018, at 12:20 p.m., Plaintiff received a call on his cell phone from (800) 955-6600. Plaintiff said hello and there was a few second pause before Defendant's agent began to speak.

13.     During this call, Plaintiff explained that he was going through a difficult time financially and previously had been taking care of his elderly grandparents, which caused him to fall behind on his payments.

14.     Plaintiff also unequivocally revoked consent to be contacted any further on his cell phone.

15.     Despite revoking consent, Plaintiff continued to receive phone calls from Defendant.

16.     On or about June 7, 2018, at 4:54 p.m., Plaintiff received a call on his cell phone from (800) 955-6600.

17.     During this call, Plaintiff once again explained that he was going through a difficult time financially due to previously taking care of his elderly grandparents.

18.     Plaintiff once more unequivocally revoked consent to be contacted on his cell phone.

19.     Despite Plaintiff's pleas not be called any further, Plaintiff continued to receive calls from Defendant.

20.     Between April 5, 2018 and June 19, 2018, Defendant willfully called Plaintiff on his cellular phone approximately ninety (90) times to annoy and harass Plaintiff in the hopes that Defendant could induce Plaintiff to pay the debt.

21.     Defendant called Plaintiff almost every day at different times each day to predict when Plaintiff would be able to answer his phone; a common programming setup for automatic telephone dialing systems or predictive dialers.

22.     In each of the phone calls with Defendant, there was a brief pause prior to speaking with a representative, indicating the use of an automatic telephone dialing system.

23.     Upon information and belief, Defendant also left prerecorded or artificial voice messages for Plaintiff.

24.     Plaintiff works as a bartender and also attends college full-time.

25.     The majority of the calls that Plaintiff received were during working hours or while he was in school.

26.     Plaintiff attempted, through counsel, to resolve this matter pre-litigation by sending a demand letter to Defendant's national outside counsel.

27.     Plaintiff's counsel emailed Defendant's counsel on July 16, 2018, and Defendant's counsel acknowledged receipt of the demand letter the same day.

28.     Plaintiff requested that Defendant respond to the demand letter by August 17, 2018; to this date, Defendant has not responded to Plaintiff's demand letter.

29.     Due to Defendant's actions, Plaintiff has suffered emotional distress and an invasion of his privacy.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

30.     Plaintiff incorporates by reference paragraphs one (1) through twenty-nine (29) of this Complaint as though fully stated herein.

31.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a.     Within four years prior to the filing of this action, on multiple occasions,  Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an

artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

32.     The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd. at 14091, para. 131.

33.     The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

34.     Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

35.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violations of the FCCPA, FLA. STAT. § 559.72 *et seq*.)

36.     Plaintiff incorporates herein by reference paragraphs one (1) through twenty-nine (29) of this Complaint as though fully set forth herein at length.

37.     Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

a.      Defendant violated FLA. STAT. § 559.72 (7), which states in part that it is a violation to "[w]illfully communicate with the debtor … with such frequency as can reasonably be expected to harass the debtor … or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor …."

b.      Defendant called Plaintiff approximately (90) times in just over two months and almost every single day in a willful manner; Defendant was aware of Plaintiff's financial situation, his demands and pleas not to be called any further,  and had no other reason to contact Plaintiff other than to harass him.

38.    As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages, and attorneys' fees and costs.

## COUNT III

### (Intrusion Upon Seclusion)

39.    Plaintiff incorporates herein by reference paragraphs one (1) through twenty-nine (29) of this Complaint as though fully set forth herein at length.

40.    Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes … upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

41.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a.      Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

b.     The number and frequency of the telephone calls to Plaintiff by Defendant after multiple requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

c.     Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and school schedule.

d.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42.    As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff, Jomar Maysonet, respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A., for the following:

43.    Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

44.    Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

45.    Statutory damages of $1,000.00 pursuant to the FCCPA, FLA. STAT. § 559.77;

46.    Actual damages pursuant to FCCPA, FLA. STAT. § 559.77;

47.    Punitive damages pursuant to FCCPA, FLA. STAT. § 559.77;

48.    Costs and reasonable attorneys' fees pursuant to the FCCPA, FLA. STAT. § 559.77;

49.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

50.     Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 27th day of August 2018.

By: /s/ *Aaron M. Swift*
**Aaron M. Swift, Esq**
FBN 0093088
Swift & Isringhaus, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Telephone: (727) 490-9919
Facsimile: (727) 255-5332
aswift@swift-law.com
*Attorney for Plaintiff,*
*Jomar Maysonet*

COMPLAINT AND DEMAND FOR JURY TRIAL